■ LUIGI MASI, Plaintiff, v ZAVITZ BROTHERS LIMITED, Defendant and Third-Party Plaintiff-Respondent. NORTHEAST MARINE TERMINAL CO., INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated December 5, 1989, which denied its motion for summary judgment dismissing the third-party complaint and any other claims against it.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the third-party complaint against the appellant and all other claims asserted against it are dismissed.

The appellant Northeast Marine Terminal Co., Inc., is the lessee of premises known as the Pier on 39th Street in Brooklyn. In the early morning hours of March 31, 1982, a truck and trailer belonging to Zavitz Brothers Limited (hereinafter Zavitz) arrived at the pier. The Zavitz truck was pulling a 40 foot flatbed trailer in the middle of which a 20 foot container had been placed. At about 9:30 that morning the plaintiff, whose job it was to inspect containers brought to the pier, climbed onto the Zavitz flatbed trailer to check its container. After the plaintiff finished his inspection, and as he was about to climb off the flatbed trailer, he slipped on a grease spot located on the bed of the trailer and fell to the curb.

The plaintiff commenced the instant negligence action

against Zavitz, which in turn, served a third-party complaint on the appellant. The appellant moved for summary judgment dismissing the third-party complaint and all cross claims asserted against it. The Supreme Court denied its motion. We reverse.

The appellant's motion for summary judgment is supported by evidentiary proof in admissible form showing that the plaintiff slipped on a grease spot located on the flatbed trailer owned and controlled by Zavitz. Only the existence of a bona fide issue raised by evidentiary facts and not based on conclusory or irrelevant allegations will suffice to defeat the motion (see, CPLR 3212 [b]; *Rotuba Extruders v Ceppos,* 46 NY2d 223). Upon a review of Zavitz's submissions, we find that they lack evidentiary facts upon which a meritorious case against the appellant can be established. Accordingly, we find that the appellant was entitled to summary judgment. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.